## GREENBERG v. BRITT.

(Supreme Court, Appellate Term. May 24, 1899.)

APPEAL AND ERROR—QUESTIONS OF FACT.

An appeal from a finding that an assigned claim, which defendant was seeking to set off against an admitted cause of action, was antedated so as to render it available, is futile, as it involves a mere question of fact. MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Jacob Greenberg against Mary Britt. There was judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry L. Franklin, for appellant.

Louis S. Finn, for respondent.

LEVENTRITT, J. The defendant sought to offset an assigned claim to the plaintiff's admitted cause of action. The single question litigated was the date of the execution and delivery of the alleged written assignment to the defendant, and the justice, on sufficient evidence, found that it was antedated in order to render the counterclaim available. To appeal from such a determination is futile, as it involves merely a question of fact, which, under the settled practice of this court, uniformly leads to affirmance. The judgment must be affirmed.

Judgment affirmed, with costs to the respondent.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). Both plaintiff and defendant claimed to be assignees,—the former, of a claim by one Horovitz; the latter, of a claim against the same Horovitz. Both assignments were formally correct, and receivable in evidence, under section 937, Code Civ. Proc. That to the defendant was dated and apparently acknowledged May 2, 1898. That to the plaintiff was dated and apparently acknowledged May 3, 1898. Horovitz stopped business May 5, 1898. The defendant and her assignor testified that the assignment to her was delivered in the forenoon of May 2d; the assignor and her husband testified that it was drawn and executed in the office of, and before, the notary, on May 2d; all three, that it was agreed upon April 30th. That is, the execution and delivery of the paper on May 2d were testified to by every one known to have had personal knowledge of the facts, excepting the notary, who was not called, and to call whom would not be usual in practice. The learned justice determined that the assignment to the defendant was antedated, basing his determination upon the facts that the attorney of the defendant had told the attorney of the plaintiff after the commencement of the action that there was no assignment, and that there was an "interlineation" in the paper. The interlineation, as appears from the original paper, included in the return, consists of the

addition of the letters "arah" to the initial "S" of the assignor, to make it "Sarah." The letters seem to have been added by the assignor herself, for they resemble the same letters in her acknowledged signature, and the ink for both seems from the appearance to have been taken from the same inkhorn, and not from the one used by the notary, who was apparently the draftsman. The letters so added made the identification of the person named in the body of the paper, with the signer of the same, more complete, but did not affect its validity (Manufacturing Co. v. Dix, 64 Fed. 406), and had no reference to the date of execution or delivery. With some quibbling as to the words used, defendant's counsel admitted in court, and under oath, that he had said soon after the action was commenced that there was no assignment. He also testified that such statement was not true; that is, his statement out of court was contradicted by his statement in court and under oath. Neither were of much moment as to the matter at issue, however reprehensible the former statement, and however amenable it might make him in a forum of morals or of discipline. It was not based upon knowledge. No one claimed that he was present at the execution or delivery of the instrument. It was not competent to rebut or impeach the certificate of a public official, whose false statement would make him responsible civilly to any party aggrieved, subject him to removal for misconduct, and render him liable to punishment, as for forgery in the first degree, by imprisonment for a term not exceeding 20 years. From these austere sanctions arises a strong presumption of the verity of a notarial certificate, which by law is made presumptive evidence of high character, and not lightly to be overcome. If any circumstances not appearing in the record here aroused the suspicion of the learned justice, he might have interrupted the trial to allow counsel for the plaintiff to produce other evidence, or even to cite before him as a witness the person who, as he suggested, might have given disinterested testimony.

Upon the record as it stands, in my opinion, the judgment should be reversed, with costs.